UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)



| | |
|---|---|
| In re:<br><br>TOYSMART.COM, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 00-13995-CJK |

## JOINT STATUS REPORT OF CONTESTED CLAIM
[Compaq Financial Services Corp.]

To the Honorable Carol J. Kenner, Bankruptcy Judge:

As contemplated by this Court's procedural order entered on November 5, 2001, Toysmart.com, LLC (the "Debtor"), by its Liquidating Supervisor, appointed under the confirmed *First Amended Liquidating Joint Plan of Reorganization* (the "Plan") and Compaq Financial Services Corp. ("CFS") submit this status report of the Debtor's objection to the claim of CFS.

### OVERVIEW OF OBJECTION AND RESPONSE

CFS filed a proof of claim (the "Claim") in the amount of $2,723,317.00 premised upon the outstanding balances remaining due on leases (the "Leases") of certain equipment (the "Property") repossessed by CFS. The Claim notes that it is subject to reduction based on proceeds from the re-sale of the Property. The Liquidating Supervisor filed an objection (the "Objection") to the Claim as exceeding the amount supported by the Debtor's books and records. CFS responded timely to the Objection, reiterating its intent to reduce the Claim

525

by amounts realized from the sale of the repossessed Property. The Liquidating Supervisor maintains that the Property had substantial market value at the time that CFS repossessed the Property and that CFS must reduce the Claim accordingly. The following more fully describes the background and current status of the contested matter.

## BACKGROUND

1. On June 9, 2000 ("Petition Date"), four creditors filed an involuntary petition for relief under 11 U.S.C. § 303 against the Debtor. On June 26, 2000, the Bankruptcy Court entered an order for relief.

2. Prior to the Petition Date, the Debtor and CFS had entered into the Leases. For the purpose of securing certain of the Debtor's obligations, the Leases also granted CFS a protective security interest in the Property.

3. On August 2, 2000, the Court granted CFS's motion for relief from the automatic stay, and CFS subsequently repossessed substantially all Property that was the subject of the Leases.

4. The Claims Register, compiled by the Clerk of the Court, has assigned number 198 to the Claim. The Claim asserts a non-priority unsecured claim in the amount of $2,728,317.00, subject to reduction based on proceeds from the re-sale of the repossessed collateral.

5. The Liquidating Supervisor filed the Objection on May 3, 2001.

6. The Liquidating Supervisor and CFS filed the *Joint Initial Pretrial Statement of Liquidating Supervisor and Compaq Financial Services Corp.* on November 2, 2001.

## PRESENT STATUS

7. Within the last few days, CFS has submitted to its counsel a current and comprehensive accounting of what Property has sold and the amounts realized thereon. CFS's counsel, in turn, has provided the Liquidating Supervisor with the same information and the Liquidating Supervisor has or will soon forward the same to Verdolino and Lowey, P.C., the estate's accounts.

8. If CFS has liquidated the Claim to such extent that the proposed amended claim more closely approximates the estimation of the Claim by the Liquidating Supervisor and the estate accountants, the parties will likely settle. Only if CFS has not significantly reduced its Claim will CFS and the Liquidating Supervisor seek a trial to determine whether CFS had an obligation to have initially reduced its claim by the calculable value of the repossessed collateral.

9. As CFS is a member of the Official Committee of Unsecured Creditors of the Debtor, the Liquidating Supervisor may employ special counsel to represent the estate in the event that the parties are unable to reach a consensual resolution and must proceed to trial.

10. The Liquidating Supervisor and CFS will jointly compile a second

3

status report if, by March 22, 2002, the parties have not reached a settlement.

| | |
|---|---|
| COMPAQ FINANCIAL SERVICES CORPORATION, | TOYSMART.COM, LLC, by<br><br>CHRISTOPHER J. PANOS as LIQUIDATING SUPERVISOR |
| by its Attorneys | by his Attorneys |
| PERKINS, SMITH & COHEN, LLP | CRAIG AND MACAULEY PROFESSIONAL CORPORATION |
| *Lawrence G. Green* | *Taylor A. Greene* |
| Lawrence G. Green (BBO #209060)<br>Perkins, Smith & Cohen, LLP<br>One Beacon Street<br>Boston, Massachusetts 02108<br>(617) 854-4000 | Christopher J. Panos (BBO #555273)<br>Taylor A. Greene (BBO #645939)<br>Craig and Macauley<br> Professional Corporation<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210<br>(617) 367-9500 |

February 5, 2002

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)



In re:

TOYSMART.COM, LLC,

    Debtor.

Chapter 11
Case No. 00-13995-CJK

## CERTIFICATE OF SERVICE

I, Taylor A. Greene, hereby certify that on February 5, 2002 I caused the *Joint Status Report of Contested Claim [Compaq Financial Services Corp.]* to be served on Compaq Financial Services Corporation c/o Lawrence G. Green, Esquire Perkins, Smith & Cohen, LLP, One Beacon Street, Boston, MA 02108 and on the United States Trustee, 10 Causeway Street, Boston, MA 02222, each by first-class United States mail, postage pre-paid.

February 5, 2002

                                    Taylor A. Greene

**CRAIG AND MACAULEY** | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

February 5, 2002

BY HAND

Clerk of the Court
United States Bankruptcy Court
1101 Federal Office Building
10 Causeway Street
Boston, MA  02222-1074

    Re:    Toysmart.com, LLC
             Chapter 11 – Case No. 00-13995-CJK

Dear Sir/Madam:

    Enclosed for filing in the referenced case please find the following documents:

1.     *Joint Status Report of Contested Claim [Compaq Financial Services Corp.]*; and

2.     Related *Certificate of Service*.

Please date-stamp the copies and return them to my waiting messenger.

Thank you.

                              Sincerely,

                              Taylor A. Greene

TAG/pc
enclosures

cc:    Christopher J. Panos, Esq.